## Crawford v. Dupriest, et al.

### (Decided October 20, 1914.)

### Appeal from Livingston Circuit Court.

Judgment—On Demurrer—When Not a Bar.—When a petition is dismissed on demurrer because it fails to state a cause of action the judgment will not bar another action on a sufficient petition to obtain the relief sought to be obtained in the dismissed petition.

MAX HANBERRY for appellant.

C. C. GRASSHAM, C. H. WILSON, BERRY & THRELKELD and BERRY & GRASSHAM for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, in his petition seeking relief from a fraud that he alleged was practiced upon him by the appellees, averred that while he was confined in the jail of Livingston County on a felony charge, he conveyed to the appellee, Dupriest, a tract of land and delivered to him certain personal property, the land and the personalty being of the value of $2,057.50. That he was induced to make the conveyance and deliver the personal property to Dupriest upon representations made by the appellee, Wilson, as well as Dupriest, that it was necessary that he should surrender all of this property to Dupriest to enable him to "finance his defense" and to employ Wilson as attorney to represent him in the criminal proceeding and secure his acquittal on the charge against him. That he did turn over all of the foregoing personal property, which was of the value as stated, to the defendants, Dupriest and Wilson, jointly, the arrangement being that Dupriest was to "finance his defense" and Wilson, who was a lawyer, was to represent him in the trial.

In another paragraph he averred that "the consideration of purchase as is set out in said deed is inadequate and not as much as one-third of the actual value of the land; that he was aware of this fact at the time of the execution of said deed, and says he relied on the statements made to him by defendant, and that by mistake and oversight of the draftsman of same, the following consideration should have been embraced therein, but by mistake was left out: 'After the party of first part shall have been tried on the charge now pending against him in the Livingston Circuit Court, the party of the second part is to pay the party of the first part a reasonable price for said land after deducting therefrom whatever sums of money he may have to expend in financing the defense for the first party.' "

He further averred that the appellees only expended for his use and benefit the sum of $641.29, leaving them "indebted to the plaintiff in the sum of $1,417."

In another paragraph he averred that he had a lien on the land conveyed for the $1,417, and he asked judgment against the defendants for this amount and that he be given a lien on the land to secure it.

The deed which was executed to Dupriest recited a consideration of six hundred dollars, for which a lien was retained.

A demurrer to the petition was sustained, and the plaintiff declining to plead further, the petition was dismissed, and he prosecutes this appeal.

The petition does not allege that Dupriest failed to "finance his defense" or that Wilson failed to defend him as an attorney, nor does it show that he has ever been tried on the charge against him or that the prosecution had ended. There is no averment that in any respect either Wilson or Dupriest failed or refused to perform their undertaking or that the appellant did not receive the benefit of their services and means.

Nor do we find any averment that the services to be performed by Wilson and Dupriest were not reasonably worth what it is averred Dupriest received. It does not appear from the petition that any fraud was practiced by these defendants or either of them.

The other paragraph of the petition, in which it was attempted to show a mistake in the execution of the deed, is also insufficient. Indeed, there is no effort made to reform the deed; the prayer of the petition does not ask for a reformation, but for the enforcement of a lien.

It is true there is a charge that by mistake and oversight there was left out of the deed the provision that Dupriest was to pay appellant a reasonable price for the land after deducting what he might expend in the defense of appellant, but there is no averment that either Dupriest or Wilson agreed that this provision might be inserted in the deed, or that it was left out by mutual mistake of the parties, or that Dupriest or Wilson agreed to return to him the difference between the amount expended and the value of the property.

The petition is defective in other particulars not noticed and, taken as a whole, does not state a cause of action that would entitle the appellant to any relief upon any ground.

If the appellant has a meritorious case, the judgment dismissing this petition will not be a bar to another action upon a sufficient petition.

The judgment is affirmed.